**FILED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

MAR 2·1 2012

DAVID CREWS, CLERK

BY _____ DEPUTY

UNITED STATES OF AMERICA

v.                                                          CRIMINAL CASE NO. 2:11CR *i &l*

HENRY E. McCASLIN, JR

### PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.      GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of an Information, which charges that the defendant, being an officer and employee of First National Bank of Rosedale, Mississippi (hereinafter "FNBR"), a banking institution the deposits of which were insured by the Federal Deposit Insurance Corporation and being aided and abetted by others known and unknown to the United States Attorney, did with intent to injure and defraud FNBR embezzle, abstract, purloin and willfully misapply in excess of $1,000 of moneys, funds and credits of FNBR in violation of Title 18, United States Code, Section 656, which carries maximum possible penalties of not more than thirty years imprisonment, $1,000,000 fine, or both, five years supervised release, and a special assessment of $100.

2.      OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3.    RESTITUTION:   The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4.    FORFEITURE:   The defendant agrees to the forfeiture of all right, title and interest defendant has in the following property:   One (1) Bronze Eagle Sculpture by Mike Curtis "Final Approach, The Millennium Eagle," Limited Edition, No. 18 of 50, approx. 34" by 34" on black granite and walnut base, One (1) Matthews limited edition print no. 18 of 50, "Criss Cross", approx. 18" by 18", and One (1) Matthews limited edition print no. 2 of 50, "Easy Rider", approx. 26" by 26 ½".   The defendant agrees to make no claim to the assets specified herein in any forfeiture proceeding commenced by the United States, whether administrative or judicial, and hereby abandons any interest he may have in these assets.   The defendant further agrees to waive his right to notice of any forfeiture proceedings involving these assets and consents to entry of a judgment of forfeiture forfeiting said assets to the United States of America.

5.    OTHER AUTHORITIES:   This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter involving federal tax laws.   Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

6.    CONSENT TO REGULATORY ACTION: Defendant agrees to consent to any regulatory action taken by the federal financial institution regulatory agency to permanently remove defendant from office and/or prohibit defendant from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided

in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. 1818(e).

7.    VIOLATIONS OF THIS AGREEMENT:   If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.   Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

8.    ACKNOWLEDGMENTS:   No Other Agreements; Defendant Is in Fact Guilty. Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty.   This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney.   The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion.   The defendant is pleading guilty because defendant is in fact guilty.

This the ___6th___ day of ___December___, 2011.


___Felicia C. Adams___
FELICIA C. ADAMS
United States Attorney


AGREED AND CONSENTED TO:                    APPROVED:


_____            _____
HENRY E. McCASLIN, JR                       GERALD JACKS
Defendant                                   Attorney for Defendant
                                            Mississippi Bar No. 3252